UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| PAUL LEWIS-BEY, ) | |
| ) | |
| Petitioner, ) | Civil No. 08-185-ART |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION & ORDER** |
| UNITED STATES PAROLE ) | |
| COMMISSION, ) | |
| ) | |
| Respondent. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Paul Lewis-Bey is currently confined in the United States Penitentiary-Big Sandy, in Inez, Kentucky. He has submitted a *pro se* Petition for Writ of Habeas Corpus, R. 1, pursuant to 28 U.S.C. § 2241, and has paid the District Court filing fee of $5.00, R. 8. In that petition he challenges the United States Parole Commission's ("USPC" or "the Commission") June 16, 2008, decision denying him parole and setting his next reconsideration date five years hence – for May of 2013.

The Court is required to screen the petition before allowing it to proceed pursuant to 28 U.S.C. § 1915A(a). *McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). For the purpose of this screening, the pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations of the *pro se* litigant are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But, this liberal screening policy has limits, *see Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996);

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and Congress has mandated dismissal of any claim that "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

**Factual Background**

The facts recounted here are taken from the petition filed by Lewis-Bey. *See* R. 1. After being convicted of first degree murder, Lewis-Bey was sentenced to 20 years to life imprisonment. This sentence was imposed over 21 years ago. Because he had served in excess of the 20 years, he had a hearing before a USPC examiner on May 7, 2008. The USPC denied him parole in a June 16, 2008, Notice of Action and gave him a five-year reconsideration time of May of 2013.

Lewis-Bey filed this petition on August 11, 2008. In it he claimed that he has served "the minimum portion of the sentence to be released from prison by way of parole." He also stated that he had already served the amount of time the judge intended him to serve. He contends that the USPC has abused its power, and further, that the five-year-setoff is excessive, constitutes cruel and unusual punishment, and was not rendered fairly.

Lewis-Bey claims that he has been a model prisoner and that he has been rehabilitated. He also attached what appears to be a one-page summary from prison staff of Lewis-Bey's good adjustment in prison and several certificates and other documents from prison programs in which he has successfully participated. He asks the Court to reopen his parole consideration and to order the USPC authorities to release him.

**Analysis**

The administrative remedy available to a federal prisoner challenging an adverse parole decision is to file an appeal with the National Appeals Board. 28 C.F.R. § 2.26; *Urbina v. Thoms,*

270 F.3d 292, 295 n.1 (6th Cir. 2001); *Graham v. Snyder* 68 Fed. App'x 589, 590 (6th Cir. 2003). The prisoner must exhaust this administrative remedy before seeking judicial review of a parole commission decision. *Urbina*, 270 F.3d at 295; *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981) (per curiam). "[T]he Bureau of Prisons should be given the opportunity to consider the application of its policy to [petitioner's] before the matter is litigated in federal courts." *Taylor v. United States*, No. 95-5150, 1995 U.S. App. Lexis 22546, at *8 (6th Cir. Aug. 4, 1995). Furthermore, requiring the prisoner to exhaust his administrative claims ensures that this Court will have a full record to review when it considers the Commission decision. Thus, until the prisoner has appealed the denial through the National Appeals Board, his administrative remedies have not been exhausted, and this Court cannot review the decision. *See Graham*, 68 Fed. App'x at 590.

      The Petitioner here has not attached the Notice of Action denying his claim, nor has he alleged that the he has exhausted the administrative process by appealing that decision. If he has in fact appealed that decision, he has not provided the decision of the National Appeals Board. Based on these facts the Court must conclude that he has not exhausted the administrative appeals process required by the law of the Sixth Circuit. This Court cannot make any determinations regarding the merits of his claim unless and until he has exhausted the required administrative appeals process. As such, the Court must dismiss this claim under 28 U.S.C. § 1915A(b) because it fails to state a claim upon which relief may be granted. The dismissal is without prejudice to Lewis-Bey's bringing another habeas proceeding after proper exhaustion of the parole procedures.

      Accordingly, it is **ORDERED** as follows:

      (1)     Paul Lewis-Bey's Petition for Writ of Habeas Corpus, R.1, is **DENIED**;

(2) Petitioner's cause of action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, from the docket of the Court; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 23rd day of October, 2008.

Signed By:

*Amul R. Thapar* AT

United States District Judge