UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| PAUL LEWIS-BEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 08-185-ART |
| | ) | |
| HECTOR A. RIOS, JR., Warden, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Paul Lewis-Bey is currently confined in the United States Penitentiary ("USP")-Big Sandy, in Inez, Kentucky. He filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he challenges the United States Parole Commission's ("USPC"or "the Commission") June 17, 2008, decision denying him parole and setting his next reconsideration date five years later, May 2013. This Court previously screened his Petition, *see* R. 10; R. 13, and it is now ripe for a decision.

A District of Columbia jury convicted Lewis-Bey of first degree murder, and a judge sentenced him to 20 years to life imprisonment. According to Lewis-Bey, he has now served over 21 years. Thus, on May 7, 2008, he had his first parole hearing before a USPC examiner. The USPC denied him parole and provided that he would receive a five-year reconsideration in May of 2013.

On August 11, 2008, Lewis-Bey filed this Petition seeking relief on the basis that he had

served the minimum sentence and that consequently he had already served the time the judge intended him to serve. He contends that the USPC has abused its power, and further, that the five-year-setoff is excessive, constitutes cruel and unusual punishment, and was not rendered fairly. He further claims that he is suitable for parole because he has been a model prisoner and is rehabilitated. In support of his claims, Petitioner has attached what appears to be a prison staff member's one-page summary of his good adjustment in prison and several certificates and other documents from prison programs in which he has successfully participated. He asks that his parole consideration be reopened, and that the Court order the USPC authorities to release him.

This Court directed the Warden to Respond to Lewis-Bey's claims. *See* R. 13. The Warden submitted a Response to which he attached copies of Lewis-Bey's sentence computation and documents used by the USPC in arriving at its decision and used by the Petitioner in appealing that decision. *See* R. 23. The USPC provides the basis for its decision in these documents.

Because judicial review of a USPC decision is extraordinarily limited, *Farkas v. United States*, 744 F.2d 37, 39 (6th Cir. 1984), this Court may only review the decision to determine "whether the Commission has acted outside its statutory authority or has violated the Constitution," *Coleman v. Perrill*, 845 F.2d 876, 878 (9th Cir.1988). *See Wallace v. Christenson*, 802 F.2d 1539, 1551–54 (9th Cir. 1986) (indicating that a court can review whether the Commission considered the factors the statute required it to consider, whether the Commission stated good cause for exceeding the guidelines, and whether the decision is so arbitrary or capricious as to violate due process); *Lynott v. Story*, 929 F.2d 228, 229 n.1 (6th Cir. 1991) ("In cases involving habeas relief, the scope of appellate review from decisions of the

Parole Commission are limited to constitutional or other legal challenges."); *Goodman v. Hurst*, 47 F.3d 1168 (6th Cir. 1995) (applying *Farkas* to prisoners serving their sentence in a federal correctional facility for violation of the District of Columbia Code).  Here the Commission did neither.

**Statutory Authority.**  To act within its statutory authority, the Commission must apply the guidelines set forth in 28 C.F.R § 2.80 when making parole decisions.  The Commission must therefore determine a guideline range for when parole should be granted based on factors such as the salient factor score, criminal record, disciplinary infractions, program achievement, and the nature of the conviction.  *See* 28 C.F.R § 2.80.  While the Commission has liberty to depart from the guidelines, *see id.* at (n)(1) and (2), the Commission did not do so here.

The USPC's Notice of Action includes a narrative explanation and its computation of his guideline range of 366-396 months.  The USPC based that range on Petitioner's salient factor score and base point score, which included points for violence and death in the current offense. Petitioner had served 254 months at the time of the Notice.

The "factors and information" the USPC used to make its decision included Petitioner's violent crime convictions—a malicious wounding, assault, possession of a prohibited weapon (baseball bat), and drug offenses in the 1970's and 1980's—in addition to the murder which resulted in Lewis-Bey's 20-year sentence.  The record before the USPC also included the testimony of his case manager and counselor regarding his exemplary prison behavior, and Lewis-Bey's testimony at his parole hearing that he was innocent of the murder for which he is incarcerated.

On the basis of this record, the hearing examiner concluded that:

> [Mr. Lewis-Bey's] current and total guideline range is 366-396 months. It is noted that he has maintained an exemplary prison record. He has actively participated in programming and is a mentor to several offenders at Big Sandy. Unfortunately, a release at this time is not recommended as he has served below the recommended guidelines. As of 4/25/2008 he has 254 months confined. Therefore it is the recommendation of this examiner that he is denied parolee at this time and his case setoff for 60 months.

R. 23, Exh. 3. The USPC adopted this recommendation.

This Court finds that the Commission's decision was within its authority and that it had a rational basis. First, the Commission acted within its statutory authority because it applied the guidelines to Lewis-Bey. It calculated the sentencing range based on his salient factor and base point scores and denied parole because his time served was less than the range. Furthermore, it set his next hearing date well before he would be within the range. Additionally, the USPC provided from the record the reasons for its decision. The USPC considered the statutory and regulatory factors, as well as the testimony and records supplied by Lewis-Bey, and denied parole based on the sentencing guidelines. These records relied on by the USPC constitute a rational basis for its decision. Thus, Petitioner Lewis-Bey has failed to demonstrate that the USPC acted beyond its authority.

**Constitutional Claim.** Lewis-Bey also argues that the USPC violated his Eighth Amendment Right to be free from cruel and unusual punishment when it denied him parole. Parole is a privilege to which there is no constitutional right. *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). If the UPSC's actions resulted in a punishment grossly disproportional to the crime by increasing his sentence beyond the maximum authorized term, they could constitute cruel and unusual punishment. *See Rose v. Hernandez*, 234 F. App'x 577, 578 (9th Cir. 2007); *see also* 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade*, 538 U.S. 63, 72

(2003). But, here the maximum term is life, Lewis-Bey has not challenged that term as grossly disproportionate, and the USPC's action did not increase his sentence. As such, the USPC's denial of his parole does not constitute cruel and unusual punishment. Furthermore, at least one Circuit has held that "[d]enial of parole under a statute dictating discretion in parole determination does not constitute cruel and unusual punishment." *Rose*, 234 F. App'x at 578. In any event, Lewis-Bey has not state a meritorious constitutional claim.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Paul Lewis-Bey's Petition for Writ of Habeas Corpus, R. 1, is **DENIED**;

(2) Any other pending motions are **DENIED AS MOOT**, and any scheduled hearings are **CANCELLED**;

(3) Petitioner's cause of action is **DISMISSED**; and

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 11th day of March, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge